**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DUANNA PETRUS            * | |
| 3305 Lady Catherine Circle  * | |
| Triangle, VA 22172         * | |
|                            * | |
| *Plaintiff*                * | **Civil Action No.:** 1:19-cv-03682- RCL |
|                            * | |
| v.                         * | Jury trial demanded |
|                            * | |
| DISTRICT OF COLUMBIA       * | |
| John A. Wilson Building    * | |
| 1350 Pennsylvania Avenue, NW * | |
| Washington, DC. 20004      * | |
|    **Serve:** Mayor Muriel Bowser  * | |
|      1350 Pennsylvania Avenue, NW * | |
|      Room 419           * | |
|      Washington, DC 20004 * | |
|        and     * | |
|    **Serve:** Office of the Attorney General * | |
|      Attn: Karl A. Racine * | |
|      414 4th Street, NW * | |
|      Suite 600S         * | |
|      Washington, DC  20001 * | |
|                            * | |
| And                        * | |
|                            * | |
| Aimee D. Peoples           * | |
| 520 Ava Way NE             * | |
| Washington, DC 20017-3100  * | |
|                            * | |
|    Serve personally with a copy to: * | |
|      Mayor Muriel Bowser * | |
|      1350 Pennsylvania Avenue, NW * | |
|      Room 419           * | |
|      Washington, DC 20004 * | |
|        and     * | |
|      Office of the Attorney General * | |
|      Attn: Karl A. Racine * | |
|      414 4th Street, NW * | |
|      Suite 600S         * | |
|      Washington, DC  20001 * | |
|                            * | |
| And                        * | |
|                            * | |
| Kaitlyn Girard             * | |

1

| | |
|---|---|
| 1000 S. Clark Street, Unit 715 | * |
| Chicago, IL  60605-2192 | * |
|     Serve personally with copy to: | * |
|     Mayor Muriel Bowser | * |
|     1350 Pennsylvania Avenue, NW | * |
|     Room 419 | * |
|     Washington, DC 20004 | * |
|         and | * |
|     Office of the Attorney General | * |
|     Attn: Karl A. Racine | * |
|     441 4th Street, NW | * |
|     Suite 600S | * |
|     Washington, DC 20001 | * |
| | * |
| *Defendants* | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SECOND AMENDED COMPLAINT

Plaintiff Duanna Petrus, by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, hereby brings the following causes of action and states:

## The Parties

1. Plaintiff Duanna Petrus is a resident of the Commonwealth of Virginia.  At all times relevant to the Complaint, Plaintiff was an employee of the District of Columbia Public Schools ("DCPS").

2. Defendant District of Columbia is the entity to sue for matters relating to DCPS (for purposes of this Complaint, the use of "DCPS" shall include Defendant District of Columbia). DCPS is the entity providing public school education in the District of Columbia.  At all times relevant to the Complaint, DCPS employed more than fifty (50) individuals.

3. Defendant Aimee D. Peoples "(Defendant Peoples") is an individual residing in the District of Columbia.  Defendant Peoples is employed by DCPS.

4. Defendant Kaitlyn Girard ("Defendant Girard") is an individual residing in Illinois. At the relevant times, Defendant Girard was employed by DCPS.

**Jurisdiction and Venue**

5. This Court has personal jurisdiction over Defendants because Defendants were employed in the District of Columbia, maintained a principal place of business in the District of Columbia, regularly transacted business in the District of Columbia, and/or the claims at issue in this case arise from acts in the District of Columbia.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims herein arise under the Constitution, laws, or treaties of the United States.

**Exhaustion of Administrative Remedies**

8. Plaintiff dually filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and District of Columbia Office of Human Rights ("DCOHR") on or about March 1, 2019, identified with numbers FEPA 19-270-p(CN), and EEOC 10C-2019-00235C. In this Charge of Discrimination, Plaintiff alleged disability discrimination and retaliation against Defendant DCPS, Defendant Peoples, and Defendant Girard. *See* Exhibit 1.

9. On or about April 12, 2019, Plaintiff dually filed an Amended Charge of Discrimination with the EEOC and DCOHR identified with numbers FEPA 19-270-P(CN) and EEOC 10C-2019-00235C. In this Amended Charge of Discrimination, Plaintiff alleged disability discrimination and retaliation against Defendant DCPS, Defendant Peoples, and Defendant Girard. *See* Exhibit 2. Plaintiff's claims include claims for disparate treatment because of her disability, failure to

accommodate her disability, unlawful termination because of her disability, and retaliation for engaging in protected conduct.  Plaintiff asserted violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, and the District of Columbia Human Rights Act, DC Code § 2-1401.01 *et seq.*

10. The EEOC issued a Right to Sue Letter dated September 10, 2019.  Plaintiff received the Right to Sue Letter on September 12, 2019.  Plaintiff filed her Complaint in this action less than ninety (90) days later on December 10, 2019.

**Facts**

11. DCPS hired Plaintiff in 2014 as a special education teacher.  At all relevant times to the Complaint, Plaintiff worked for DCPS as a special education teacher.  Plaintiff is certified as a special education teacher and has more than twenty (20) years of experience working as a special education teacher.

12. On or about September 27, 2016, while working for DCPS, Plaintiff was attacked by a student.  As a result of the attack, Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD"), and anxiety related stressors.  Since the attack in 2016, Plaintiff has continued to suffer PTSD, and anxiety related stressors.

13. As a result of the attack, and pursuant to her health care provider's recommendation, Plaintiff necessitated leave from September 2016, through February 2018 before being able to return to work as a special education teacher for DCPS.

14. When Plaintiff returned to work for DCPS as a special education teacher, DCPS provided Plaintiff a job at its Incarcerated Youth Program ("IYP") School on the premises of the Department Of Corrections Central Detention Facility at 1901 D St. SE Washington, DC 20003.

15. Placement at IYP satisfied Plaintiff's need for accommodations of her PTSD; because the IYP was a high security school staffed by professional corrections officers.

16. On or about May 29, 2018, Plaintiff made a request for both a reasonable accommodation from DCPS, and to remain a teacher at IYP for the 2018-2019 school year. In response to Plaintiff's request, on or about May 29, 2018, Aimee Peoples from DCPS sent a letter with an attached reasonable accommodation questionnaire to Plaintiff's doctor.

17. On or about June 5, 2018, Plaintiff made another request for a reasonable accommodation from DCPS. Plaintiff provided documentation from her doctor, which included the completed reasonable accommodations questionnaire as requested on May 29, 2018 by DCPS, and Aimee Peoples, which supported Plaintiff's request for a reasonable accommodation. Plaintiff again requested to remain in a teacher position in a high security school with trained security professionals on site, pursuant to and in correspondence with her doctor's documentation, and reasonable accommodation recommendation.

18. Defendant DCPS did not engage Plaintiff, or her treating health care provider in an interactive process relating to her request for a reasonable accommodation.

19. On July 2, 2018, Plaintiff engaged DCPS, Defendant Girard, and Defendant Peoples to reiterate her request for a reasonable accommodation. On or about July 5, 2018, Plaintiff again informed DCPS, Defendant Girard, and Defendant Peoples that her request was to remain a special education teacher assigned at IYP for the 2018-2019 school year.

20. DCPS, Defendant Girard, and Defendant Peoples failed to engage Plaintiff in an interactive dialogue in response to her repeated requests for a reasonable accommodation.

21. Despite Plaintiff's repeated requests that she remain a special education

teacher at IYP for the following school year 2018-2019, and despite there being special education teacher openings for which was Plaintiff was qualified and able to perform at IYP for school year 2018-2019, DCPS refused to permit Plaintiff to work as a special education teacher at IYP for school year 2018-2019.

22. Instead of placing Plaintiff in one of the open special education teacher positions at IYP for school year 2018-2019, DCPS placed three (3) non-disabled individuals with less seniority, education, and experience than Plaintiff into the open special education teacher positions.  One of these individuals is Lavon Owens, an uncertified teacher and uncertified special education teacher.  The second individual is Marcia Grant, an uncertified teacher and uncertified special education teacher who does not have any work experience as a special education teacher.  After the start of the 2018-2019 school year, a third individual was placed at IYP as a special education teacher, Ophelia Idemudia.

23. On or around August 6, 2018, Plaintiff received an assignment to teach at Ballou Senior High School. Plaintiff requested a reasonable accommodation from DCPS and also Defendant Girard pertaining to her assignment at Ballou Senior High School.  Neither Defendant DCPS, Defendant Girard, nor Defendant Peoples engaged Plaintiff in an interactive process relating to her request for a reasonable accommodation.

24. Plaintiff began her assignment at Ballou Senior High School without having a reasonable accommodation in place provided by DCPS, Defendant Girard, or Defendant Peoples.

25. On or around August 17, 2018, DCPS, Defendant Girard, and Defendant Peoples provided Plaintiff what may purportedly be described as a proposed reasonable accommodation in the form of a safety protocol.  Defendant Girard, and Defendant Peoples failed to discuss the safety protocol with Plaintiff.  Instead, Defendants unilaterally instituted the safety protocol. The safety

protocol was not effective and did not permit Plaintiff to perform the essential functions of her job as a teacher a Ballou Senior High School.

26. On August 30, 2018, Plaintiff was assaulted by a student at Ballou Senior High School which triggered her PTSD. As a result, Plaintiff was placed on leave from September 4, 2018 through October 31, 2018.

27. On September 3, 2018, Plaintiff again requested a reasonable accommodation from DCPS. Plaintiff requested a teacher position in a highly secured school with trained security professionals on site pursuant to her healthcare provider's recommendation and need for a reasonable accommodation. Plaintiff included in her request information provided by her treating health care provider to support her specific request for a reasonable accommodation.

28. Despite the fact that Plaintiff's treating health care provider again submitted information to Defendants on October 29, 2018 supporting Plaintiff's request for a reasonable accommodation, Defendant DCPS did not engage Plaintiff in an interactive process relating to her request for a reasonable accommodation.

29. On or about November 16, 2018, Plaintiff engaged in protected activity by reporting to the District of Columbia, DCPS, Defendant Girard, and Defendant Peoples that DCPS, Defendant Girard, and Defendant Peoples were discriminating against her because of her disability. Plaintiff complained that DCPS, Defendant Girard, and Defendant Peoples had failed to engage her in an interactive dialogue and failed to provide her a reasonable accommodation.

30. On November 20, 2018, Plaintiff made a request for the reasonable accommodation of a transfer from Ballou Senior High School to another position. DCPS, Defendant Girard, and Defendant Peoples denied Plaintiff's request for the reasonable accommodation of a transfer and did not otherwise engage Plaintiff in an interactive dialogue.

31.     DCPS, Defendant Girard, and Defendant Peoples failed to provide Plaintiff a reasonable accommodation despite a job opening at the Youth Services Center ("YSC") that had been open and unfilled for several months. This placement would have satisfied Plaintiff's request for a reasonable accommodation.

32.     Despite the fact that Plaintiff's treating health care provider submitted information to Defendants on December 31, 2018 supporting Plaintiff's request for a reasonable accommodation, Defendants failed to engage Plaintiff in an interactive dialogue regarding the open position and failed to provide her a reasonable accommodation.

33.     On March 5, 2019, DCPS notified Plaintiff that it was terminating her employment effective March 21, 2019.

**COUNT I**

**Violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* against Defendant DCPS**

34.     Plaintiff incorporates herein by reference paragraphs 1-33.

35.     DCPS is subject to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* (the "ADA").

36.     Plaintiff is protected by the employment provisions of the ADA. Plaintiff is a disabled person as defined under the ADA. Plaintiff has PTSD. Plaintiff is a qualified individual with a disability who can perform the essential functions of the special education teacher job with or without reasonable accommodation.

37.     DCPS violated Plaintiff's rights under the ADA by subjecting Plaintiff to unlawful discrimination when, after multiple requests from Plaintiff, DCPS selected less qualified, less senior, non-disabled individuals for assignment as special education teachers at IYP for school year 2018-2019 instead of granting Plaintiff's request for the reasonable accommodation to remain

8

a special education teacher at IYP for the 2018-2019. Plaintiff held that position of special education teacher at IYP for the 2017-2018 school year.

38. As stated in detail above, DCPS violated Plaintiff's ADA rights by failing to provide Plaintiff a reasonable accommodation for her PTSD that would effectively permit Plaintiff to work as a special education teacher.

39. DCPS engaged in unlawful retaliation against Plaintiff in violation of the ADA. As stated in detail above, after Plaintiff requested a reasonable accommodation and complained about DCPS's violations of her rights under the ADA, DCPS terminated Plaintiff's employment.

40. Plaintiff has suffered and continues to suffer mental anguish and emotional distress as a result of DCPS's unlawful conduct.

41. Defendants' conduct has caused and continues to cause Plaintiff to lose compensation, and benefits.

Wherefore, Plaintiff seeks all available damages allowed by law for violation of the ADA, including, but not limited to, reinstatement, back pay and lost benefits, compensatory damages, all costs of litigation including reasonable attorneys' fees, and all such other relief the Court deems just and proper.

## COUNT II

### Violation of the District of Columbia Human Rights Act, DC Code § 2-1401.01 *et seq.* against Defendant DCPS, Defendant Girard, and Defendant Peoples

42. Plaintiff incorporates herein by reference paragraphs 1-41.

43. DCPS is subject to the District of Columbia Human Rights Act, DC Code § 2-1401.01 *et seq.* (the "DCHRA").

44. Defendant Girard is an Employer as defined by the DCHRA because she acted in the interest of DCPS, directly and indirectly, regarding Plaintiff and her employment with DCPS, as described in detail herein.

45. Defendant Peoples is an Employer as defined by the DCHRA because she acted in the interest of DCPS, directly and indirectly, regarding Plaintiff and her employment with DCPS, as described in detail herein.

46. Plaintiff is protected by the employment provisions of the DCHRA. Plaintiff is a disabled person as defined under the DCHRA. Plaintiff has PTSD. Plaintiff is a qualified individual with a disability who can perform the essential functions of the special education teacher job with or without reasonable accommodation.

47. Defendants violated Plaintiff's rights under the DCHRA by subjecting Plaintiff to unlawful discrimination when Defendants selected less qualified, less senior, non-disabled individuals for assignment as special education teachers at IYP for school year 2018-2019 instead of granting Plaintiff's request for the reasonable accommodation to remain a special education teacher at IYP for the school year 2018-2019. Plaintiff held a special education teacher position at IYP for the 2017-2018 school year.

48. As stated in detail above, Defendants violated Plaintiff's DCHRA rights by failing to provide Plaintiff a reasonable accommodation for her PTSD that would effectively permit Plaintiff to work as a special education teacher.

49. Defendants engaged in unlawful retaliation against Plaintiff in violation of the DCHRA. As stated in detail above, after Plaintiff requested a reasonable accommodation and complained about DCPS's violations of her rights under the DCHRA, Defendants terminated Plaintiff's employment.

4847-3597-4587, v. 1

50. Plaintiff has suffered and continues to suffer mental anguish and emotional distress as a result of Defendant's unlawful conduct.

51. Defendants' conduct has caused and continues to cause Plaintiff to lose compensation and benefits.

Wherefore, Plaintiff seeks all available damages allowed by law for violation of the DCHRA, including, but not limited to, reinstatement, back pay and lost benefits, compensatory damages, all costs of litigation including reasonable attorneys' fees, and all such other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/
John M. Gilman, 484431
McAllister, DeTar, Showalter & Walker
300 Academy Street
Cambridge, MD 21613
Phone: (410) 228-4546
Facsimile: (410) 376-7723
jgilman@mdswlaw.com
*Attorneys for Plaintiff*

4847-3597-4587, v. 1